UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD S. GORDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:09CV1684 HEA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant, ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Terry I. Adelman, that the decision of the Commissioner be reversed and remanded. Plaintiff has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct such a *de novo* review.

Plaintiff has no objection to a reversal and remand pursuant to the Report and Recommendation, with the sole exception of the time frame to be considered.

While this matter was pending in this Court, Plaintiff filed a subsequent claim for disability benefits and, on May 5, 2010, another ALJ determined that Plaintiff became disabled on September 17, 2008. Neither party has alleged any error made by the second ALJ. The Court agrees with Plaintiff that before Plaintiff's current eligibility could be terminated, Defendant must follow the due process requirements of 20 C.F.R. §§ 404.316, 404.1594, 404.1597, 416.994 and 416.995 and provide Plaintiff with an initial notice, a reconsidered decision, followed by an opportunity for a hearing before an ALJ and then opportunity for review by the Appeals Council. Therefore, the scope of the remand shall be limited to consideration of Plaintiff's eligibility before the date covered by the subsequent award, *i.e.*, for the period from January 16, 2006 through September 17, 2008, and in accordance with Judge Adelman's findings and conclusions as stated in the Report and Recommendation. The Court also adopts the Report and Recommendation in its entirety.

Additionally, on remand, the ALJ should give proper weight to Plaintiff's physicians or properly discount the opinions as specified in the regulations. To the extent that the ALJ relies upon non-examining consultive evaluations, the ALJ should explain his reasoning for giving these opinions greater weight. Further, the ALJ should support his assessment of Plaintiff's residual functional capacity

2

("RFC") with references to specific medical and non-medical evidence in the record. Finally, if the ALJ modifies Plaintiff's RFC, he should submit a new hypothetical question to a vocational expert in determining whether Plaintiff is capable of performing work that exists in significant numbers in the national economy.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commission is **REVERSED** and **REMANDED** for further proceedings as set forth above..

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 17th day of March, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE